**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CIT Finance, L.L.C., | ) | No. CV 14-800-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Treon, Aguirre, Newman & Norris, P.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On April 22, 2014, the Court issued the following Order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company); *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (discussing the citizenship of limited partnerships).
> Accordingly,
> **IT IS ORDERED** that by May 7, 2014, Plaintiff shall file a supplement to the complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.

Doc. 8.

Plaintiff filed the required supplement and alleged the citizenship of the limited liability company. However, Plaintiff still has not alleged the citizenship of the "professional association" Defendant. More specifically, Defendant must allege whether it is a partnership, and if yes, the citizenship of each of the partners.

Accordingly,

**IT IS ORDERED** that by May 13, 2014, Plaintiff shall file a supplement to the complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.

DATED this 29th day of April, 2014.

_____
James A. Teilborg
Senior United States District Judge