**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CIT Finance LLC, | No. CV-14-00800-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Treon, Aguirre, Newman & Norris PA, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss for Failure to Join Indispensable Parties. (Doc. 19). The Court now rules on the motion.

**I.  Background**

Plaintiff's complaint alleges Defendant's breach of a contract assigned to Plaintiff by Pacific Office Automation, Inc. ("POA"), an Oregon corporation. Under the alleged contract, POA leased office equipment such as copy machines and printers to Defendant for a monthly payment determined by Defendant's usage of the equipment, with a minimum monthly payment Defendant must pay regardless of its usage. POA has assigned all of its rights under the contract to Plaintiff. Defendant has ceased paying its lease obligations to Plaintiff, but has retained the equipment. Plaintiff seeks the total amount due, along with the contracted-for interest.

Defendant's motion to dismiss under Rules 12(b)(7) and 19 asserts that Defendant received the equipment, which did not function as represented by POA's sales representatives, Darin Dumolin and Derek Abert. (Doc. 19 at 2).[1] Defendant further asserts that the equipment "did not fit into designated areas the dimensions of which were known to Dumolin and Abert." (Doc. 19 at 2). Defendant claims that it contacted POA for assistance in resolving these issues, to no avail. (Doc. 19 at 2–3). Defendant also claims that it attempted to return the equipment to POA, again to no avail. (Doc. 19 at 2–3). Accordingly, Defendant states in its motion that it "alleges breach of contract, fraudulent inducement, bad faith and misrepresentation against Pacific Office, Dumolin, and Abert related to the supply of nonfunctioning and poorly [sized] equipment that was known by those potential defendants to [be] inadequate and unable to function as represented." (Doc. 19 at 3).

In light of these allegations, Defendant moves for the Court to dismiss this case for Plaintiff's failure to join POA, Dumolin, and Abert. Defendant alleges that Dumolin and Abert are non-diverse from Plaintiff, and therefore would destroy complete diversity if joined.

**II.   Discussion**

"Federal Rule of Civil Procedure 19 governs the question of whether a person not a party to a suit should be joined because he is necessary for a more complete settlement of the dispute." *Cutrona v. Sun Health Corp.*, 2007 WL 4150210, at *1 (D. Ariz. Nov. 19, 2007). Rule 19's "[u]nderlying policies include plaintiff's right to decide whom he

---

[1] The Court notes that Defendant attached no affidavits to its motion to dismiss, which would normally be fatal to a Rule 19 motion that relies on facts not in the pleadings. *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960) ("evidence concerning absent indispensable parties may also be presented *by the affidavit of any person having knowledge bearing upon their existence*" (emphasis added)); *see also United States v. New York State Supreme Court, Erie Cnty.*, No. 07-CV-27S, 2008 WL 305011, at *6 (W.D.N.Y. Feb. 1, 2008) (quoting *In re Caesars Palace Sec. Litig.*, 360 F. Supp. 366, 395 (S.D.N.Y.1973)) ("The Court may consider matters outside the pleadings in ruling on the motion. However, ex parte statements, made without any documentation, are insufficient to sustain [such a] motion." (internal citations and quotations marks omitted)). Nevertheless, the Court reaches the merits of Defendant's motion because it finds that even if Defendant's allegations were properly supported, they would fail to establish that that POA, Dumonlin, and Abert are necessary parties under Rule 19.

1  shall sue, avoiding multiple litigation, providing the parties with complete and effective
2  relief in a single action, protecting the absentee, and fairness to the other party." *Bakia v.*
3  *County of Los Angeles*, 687 F.2d 299, 301 (9th Cir.1982).

4  Under Rule 19, "the district court must first determine if an absent party is
5  'necessary' to the action; then, if that party cannot be joined, the court must determine
6  whether the party is 'indispensable' so that in 'equity and good conscience' the action
7  should be dismissed." *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928
8  F.2d 1496, 1498 (9th Cir. 1991) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558
9  (9th Cir. 1990)).

10  The first step in determining whether dismissal under Rule 19 is warranted is to
11  determine whether a party is "necessary." Rule 19(a) provides:

12  (a) Persons Required to Be Joined if Feasible.

13  (1) Required Party. A person who is subject to service of process and
14  whose joinder will not deprive the court of subject-matter
15  jurisdiction must be joined as a party if:

16  (A) in that person's absence, the court cannot accord
17  complete relief among existing parties; or
18  (B) that person claims an interest relating to the subject of the
19  action and is so situated that disposing of the action in the
20  person's absence may:

21  (i) as a practical matter impair or impede the person's
22  ability to protect the interest or
23  (ii) leave an existing party subject to a substantial risk
24  of incurring double, multiple, or otherwise inconsistent
25  obligations because of the interest.

26  (2) Joinder by Court Order. If a person has not been joined as
27  required, the court must order that the person be made a party.

28  Fed. R. Civ. P. 19(a)(1)–(2); *see Damian v. CitiMortgage, Inc.*, 2014 WL 1285892, at *3

(D. Ariz. Mar. 31, 2014) ("A party is 'necessary' if in its absence, meaningful relief cannot be afforded to those who are already joined, thus risking multiple lawsuits on the same issue." (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861 (9th Cir. 2004))). Importantly, "[a]n entity's status as a 'necessary' party is not judged by any prescribed formula, but instead 'can only be determined in the context of particular litigation.'" *CP Nat'l Corp.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)).

"An assignor who has assigned all right and interest to another need not be joined in an action involving the property assigned because complete relief can be accorded in his absence and, furthermore, he has no interest to protect." *R. C. Hedreen Co. v. Crow Tribal Hous. Auth.*, 521 F. Supp. 599, 608 (D. Mont. 1981) (quoting *Federal Deposit Ins. Corp. v. Huntington Towers, Ltd.*, 443 F. Supp. 316, 319–20 (E.D.N.Y. 1977)). "Indeed, in most cases the assignor would not even be a proper party inasmuch as the assignor may have lost the right to bring an independent action on the contract by virtue of the assignment." Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1613 (3d ed.). Generally, an assignor is a necessary party only "when the validity of the assignment itself is at issue," or "when there only has been a partial assignment." *Id.*

Here, POA, Dumolin, and Abert have no interest in the subject matter of this litigation, the lease. POA has fully assigned its rights and Dumolin and Abert are mere agents of POA. Further, the Court sees no reason why it cannot accord complete relief among the existing parties. Although liability may hinge on POA's, Dumolin's, and Abert's actions, there is no reason why these facts cannot be litigated and decided in their absence as parties. In short, POA, Dumolin, and Abert "very well may be . . . convenient and proper part[ies] to the action but [they are] not [necessary or] indispensable." *Dunham v. Robertson*, 198 F.2d 316, 319 (10th Cir. 1952).

Having concluded that POA, Dumolin, and Abert are not necessary parties to this action, the Court need not determine whether they are indispensable.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to Join Indispensable Parties, (Doc. 19), is **DENIED**.

Dated this 20th day of May, 2015.

*James A. Teilborg*
Senior United States District Judge